UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON KENNEDY, on behalf of
himself and all others similarly situated,

    Plaintiffs,                                    No. 3:10-cv-355 MCR/EMT

v.

WENDELL HALL, in his official capacity
as Sheriff for Santa Rosa County, Florida,

    Defendant.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jason Kennedy, on behalf of himself and all others similarly situated ("Plaintiffs"), brings this action pursuant to 42 U.S.C. § 1983 to enjoin the Defendant Sheriff of Santa Rosa County, Florida, from forbidding inmates housed in the Santa Rosa County Jail (the "Jail"), in violation of the First and Fourteenth Amendments to the U.S. Constitution, from sending letters enclosed in envelopes to their parents, children, spouses, friends, loved ones, or other correspondents (the "Postcard-only Mail Policy"), as described in Santa Rosa County Outgoing Mail Procedure, Standard Operating Procedure No. 15.48.

Plaintiffs further seek a declaratory judgment that Defendant's Postcard-only Mail Policy is unconstitutional, on its face and as applied, as it is used by Defendant to impermissibly restrict Plaintiffs' right to communicate with correspondents outside the jail in violation of the U.S. Constitution.

{07029319;1.3}

Defendant has moved to dismiss Plaintiffs' claims asserting three arguments: (1) Plaintiffs fail to state a cause of action under the First Amendment because Defendant's Postcard-only Mail Policy does not censor or suppress Plaintiffs' speech in any manner; (2) Defendant's Postcard-only Mail Policy is a reasonable means of avoiding the possibility of prohibited messages being communicated to outside persons and reduce staff labor; and (3) Defendant's belief that its Postcard-only Mail Policy is related to legitimate penological concerns authorizes whatever restriction is imposed on the communications of Plaintiffs and such beliefs are entitled to substantial deference. D.E. 12. Because Defendant's Motion to Dismiss (the "Motion") fails to establish with certainty that Plaintiffs would not be entitled to relief under any set of facts that could be proven to support their claims, this Court should deny Defendant's Motion for the reasons set forth below.

## Background

Plaintiffs are inmates currently incarcerated at the Santa Rosa County Jail who are subject to, or affected by, the Postcard-only Mail Policy. Compl. ¶¶ 6, 40.[1] Defendant, Wendell Hall, is currently, and at all times material to this action has been, the Sheriff of Santa Rosa County, Florida. Compl. ¶ 12. As Santa Rosa County Sheriff, Defendant Hall is charged with the care and custody of inmates at the Jail, and exercises overall responsibility for the policies and practices of the Jail, including the Postcard-only Mail Policy. Compl. ¶ 12.

Effective July 26, 2010, Defendant Hall instituted a policy that required, with the exception of legal or privileged mail, all outgoing mail sent by a Jail inmate to be written on the back of a postcard measuring 4.5 inches by 6 inches. Compl. ¶¶ 16, 23. Prior to implementation of the Postcard-only Mail Policy, Plaintiffs freely sent mail in letter form that consisted of one or

---

[1] All citations to the "Compl." filed in this Response are in reference to Plaintiffs' First Amended Complaint, filed September 20, 2010.  D.E. 5.

- 2 -

more sheets of paper enclosed in an envelope to correspondents outside the Jail.  Compl. ¶ 21.  As a result of the Postcard-only Mail Policy, however, no correspondence from an inmate to family members, friends, or other loved ones will be sent unless the correspondence conforms to the Postcard-only Mail Policy.  Compl. ¶ 22.  Pursuant to the Postcard-only Mail Policy, only the back of the postcard may contain a substantive message, and Plaintiffs must further leave an area of 1 inch by 2 inches blank at the bottom of the back of the postcard so that Jail officials can stamp the postcard as having been sent from the Jail.  Compl. ¶ 24.

Prior to implementation of the Postcard-only Mail Policy, Plaintiffs had written multi-page letters, several times a week, to their families and friends.  Compl. ¶ 19(a).  In these letters, Plaintiffs regularly discussed confidential and/or sensitive issues, such as Plaintiffs' finances, religion, or health, and often included full-page drawings with their letters.  Compl. ¶¶ 19(a), 31.  As a result of the Postcard-only Mail Policy, however, Plaintiffs are unable to send these letters and drawings.  Compl. ¶¶ 19(b), 31, 33, 35.[2]  As a result of the Postcard-only Mail Policy, Plaintiffs must now express all of their thoughts and messages in an abbreviated and incomplete form.  Compl. ¶¶ 19(b), 30, 31.  As a result of the Postcard-only Mail Policy, Plaintiffs are further prohibited from sending these drawings to outside correspondents, and can no longer discuss issues of a confidential and/or sensitive nature.  Compl. ¶¶ 19(b), 31, 33, 35.  Absent the Postcard-only Mail Policy, Plaintiffs would immediately write and send non-privileged letters to their families, friends, and other loved ones, and would include sensitive and/or confidential information and drawings.  Compl. ¶ 37.

---

[2]  Contrary to Defendant's allegation that "[n]one of the Plaintiffs allege they have ever been denied the opportunity to send mail to anyone outside the jail," Plaintiffs have clearly made such allegations in their First Amended Complaint.  D.E. 12 at 9; *see* Compl. ¶ 19(b), 31, 33, 35.

**Standard of Review for a Motion to Dismiss**

Courts view Rule 12(b)(6) motions with disfavor. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("We hasten to add that [a 12(b)(6) motion] is viewed with disfavor and rarely granted."). A complaint should be upheld if it is "supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). Additionally, when considering a motion to dismiss the court should consider the plaintiff's allegations as true. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

As courts throughout Florida have consistently held, *Twombly* and *Iqbal*[3] do not change the fundamental analysis that a district court engages in when ruling on a motion to dismiss, *i.e.*, accepting all plausible allegations as true and determining whether the complaint contains 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Smith v. Wm. Wrigley Jr. Co.*, 663 F.Supp.2d 1336, 1341 n. 3 (S.D. Fla. 2009). The issue for consideration on a motion to dismiss is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986). If a defect can be cured by amendment, leave to amend should be freely granted. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Ferrell Law, P.A. v. Crescent Miami Center, LLP*, 313 Fed. Appx. 182, 186 (11th Cir. 2008); Fed. R. Civ. P. 15(a)(2).

---

[3] *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

**Argument and Memorandum of Law**

I.   **Defendant's Motion to Dismiss Impermissibly Raises Factual Issues Outside the Scope of Plaintiffs' Complaint**

In the title and opening paragraph of Defendant's Motion, Defendant refers to the motion here at issue as a Motion to Dismiss. *See* D.E. 12 at 1. A cursory review of Defendant's Motion reveals, however, that Defendant has made no attempt to challenge the legal sufficiency of allegations in Plaintiffs' Complaint, as would be proper in a motion to dismiss, and has instead directly addressed the merits of the case by raising disputed issues of fact. These asserted facts are well outside the four corners of Plaintiffs' Complaint, were raised by Defendants solely to argue that his Postcard-only Mail Policy constitutionally restricts Plaintiffs' speech, and impermissibly exceed the scope of a motion to dismiss. *See Zoher v. Chase Home Financing*, 2010 WL 4064798 at *1 (S.D. Fla. 2010) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984) ("A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.")).

As a general rule, a district court may not consider any materials beyond the pleadings in ruling on a motion to dismiss. *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). When a district court is nonetheless provided with materials outside the pleadings in the context of a motion to dismiss, such as here, the court can either exclude the additional facts or materials and decide the motion on the complaint alone, or convert the motion to one for summary judgment after affording the plaintiff the opportunity to present evidence and supporting materials. *Property Mgmt. & Invest., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972)); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

- 5 -

All parties must be given a reasonable opportunity to present all the materials that is pertinent to the motion.").[4]

In an attempt to induce the Court to improperly rule on the merits of Plaintiffs' case before allowing Plaintiffs the opportunity to conduct <u>any</u> discovery and therefore the ability to supply evidence supporting their claims, Defendant has raised several disputed facts in support of his Motion and requests that this Court rule on these factual disputes. In support of his argument that the Postcard-only Mail Policy is justified, for example, Defendant asserts that the Postcard-only Mail Policy is necessary because "the amount of jail staff time that is taken up in opening and inspecting mail for such messages is obvious," and that the Postcard-only Mail Policy "reduces the burden on jail staff to inspect mail." D.E. 12 at 6, 9. Defendant also asserts, without evidence, that "prison security" and "deterrence of crime" further justify his Postcard-only Mail Policy. D.E. 12 at 2, 6, 9.

Yet, such conclusory allegations are woefully insufficient at this stage in the proceedings where there has been no evidence presented demonstrating that such concerns were actually the impetus for the regulation in question. *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990) (In analyzing a prison regulation implicating First Amendment rights, prison authorities "cannot rely on general or conclusory allegations to support their policies … [prison authorities] must demonstrate both that [the] specific interests [identified] are the actual bases for their policies and that the policies are reasonable related to the furtherance of the identified interests. <u>An evidentiary showing is required as to each point</u>.") (emphasis added).

---

[4] While the Court may also take judicial notice of certain, limited facts without converting a motion to dismiss into a motion for summary judgment, this is only properly done when the materials and/or allegations presented by the moving party are not intertwined with the merits of the case and do not demonstrate the existence of any genuine issues of material fact. As described in further detail below, this is clearly not the case here. *See Universal Express, Inc.*, 177 Fed. Appx. at 53; *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

{07029319;1.3}

Therefore, whether Defendant has justifications sufficient to support his Postcard-only Mail Policy is a disputed matter of fact and evidence not before this Court, and is not a proper inquiry at this stage of the proceedings.[5]  Indeed, such allegations in the context of a motion to dismiss are clearly improper.  It is well established that a court should consider the plaintiffs' allegations as true in deciding a motion to dismiss.  *Cruz*, 405 U.S. at 319; *Jackson*, 21 F.3d at 1534.  Should Defendant here dispute any factual allegations made by Plaintiffs, he will have the opportunity to present rebuttal evidence and/or testimony in support of his claims at the summary judgment stage.  *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

These disputed facts Defendant raises in support of his Motion concern issues which fall well outside the scope of Plaintiffs' Complaint and clearly require discovery to enable Plaintiffs to respond.  In accordance with well-established law, Plaintiffs request that this Court either exclude such facts and allegations in considering Defendant's Motion, or convert Defendant's Motion into a motion for summary judgment and properly defer ruling on such motion until all parties have had the opportunity to conduct discovery and present supporting materials.[6]

**II.     Discovery is Required for a Proper Analysis of Plaintiffs' First Amendment Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and

---

[5]  While Plaintiffs maintain that an analysis of Defendant's justifications for his Postcard-only Mail Policy is not a proper inquiry at this stage of the proceedings, Plaintiffs note that Defendant has not established the existence of any policies in effect prior to the Postcard-only Mail Policy which would require jail staff to open and inspect every piece of outgoing mail, and has further failed to produce any evidence or testimony in support of his allegation that the Postcard-only Mail Policy will result in any decreased burden on jail staff or resources.

[6]  Should this Court determine that Defendant's Motion be analyzed under the summary judgment standard, Plaintiffs request leave of court to file a motion pursuant to Fed. R. Civ. P. 56(f), so that Plaintiffs may be afforded the opportunity to conduct vital discovery prior to resolution of Defendant's Motion.  *See WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (summary judgment is improper if the plaintiff has been afforded no opportunity for discovery); *Jones v. City of Columbus*, 120 F.3d 249, 253 (11th Cir. 1997) ("The law in this circuit is clear: The party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion.").

{07029319;1.3}

(2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985).

Plaintiffs here have clearly alleged both elements.  Plaintiffs have alleged that Defendant Hall was acting under color of law in instituting the Postcard-only Mail Policy.[7]  Compl. ¶ 13, 36, 51.  Plaintiffs have further alleged that Defendant's Postcard-only Mail Policy amounts to a deprivation of their rights as secured by the First Amendment to the U.S. Constitution.  Compl. ¶ 1, 34, 47.  Lastly, Plaintiffs have specifically claimed that Defendant's requirement that all non-privileged, outgoing mail be in postcard format deprives Plaintiffs of the right to communicate meaningfully in a full and complete way, and to transmit sensitive and/or confidential information without divulging such information to third-parties.  Compl. ¶¶ 30-32.

As Defendant recognizes, inmates retain First Amendment rights despite their incarceration.  D.E. 12 at 3.  Indeed, it has long been acknowledged that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution, nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside.'"  *Thornburg v. Abbott*, 490 U.S. 401, 407 (1989) (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)).  Towards this end, Defendant correctly notes that inmates such as Plaintiffs clearly enjoy a protected First Amendment right to correspond with friends and family and thereby maintain these relationships.  D.E. 12 at 3; s*ee Procunier v. Martinez*, 416 U.S. 396, 408-09 (1974) (noting that both inmates and families and friends of prisoners who seek to sustain relationships with them enjoy First Amendment rights to do so).

---

[7] Although not disputed by Defendant, Plaintiffs have provided a factual basis for this allegation, including that the Sheriff has responsibility over the Jail and is charged by law with the care and custody of all of its inmates.  Compl., ¶ 12.

Indeed, the Supreme Court has specifically recognized inmates' First Amendment right to correspond with friends and family outside of prison and has applied a heightened scrutiny test to restrictions on this right. *Procunier*, 416 U.S. at 413 (holding a restriction on outgoing correspondences must "further an important or substantial governmental interest unrelated to the suppression of expression" and "be no greater than is necessary or essential to the protection of the particular governmental interest involved"); *Thornburgh*, 490 U.S. at 413.  Although the Court has relaxed the standard applicable in other contexts of First Amendment deprivations, it has broadly held that *Procunier*'s heightened scrutiny must still apply to the constitutional assessment of all prison regulations concerning outgoing correspondence.[8]  *Thornburgh*, 490 U.S. at 413 (recognizing that the implications of outgoing correspondence for prison security are of a "categorically lesser magnitude" than the implications of incoming materials and therefore noting that heightened scrutiny would still apply to outgoing mail); *compare Turner,* 482 U.S. 78, 89 (1987) (testing whether a restriction on incoming mail was "reasonably related to legitimate penological interests") *with Koutnik v. Brown*, 189 Fed.Appx. 546, 549 (7th Cir. 2006) ("Still prisons may regulate the transmission of outgoing mail so long as doing so 'furthers one or more of the substantial governmental interests of security, order, and rehabilitation,' and is necessary to protect these interests.") (quoting *Procunier,* 416 U.S. at 413-14) *and Nasir v. Morgan,* 350 F.3d 366, 371, 374 (3d Cir. 2003) (applying the *Procunier* test to outgoing mail) *and Stow v. Grimaldi*, 993 F.2d 1002, 1004 (1st Cir. 1993).

Despite Defendant's assertion that Plaintiffs have failed to show "that the regulation in question is not valid and rational" (D.E. 12 at 4), Defendant's Postcard-only Mail Policy restricts

---

[8] Under *Procunier*, prison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements.  Rather, they must show that a regulation authorizing mail censorship furthers one or more of the substantial governmental interests of security, order, and rehabilitation.  *Procunier,* 416 U.S. at 413.

the sending of <u>outgoing</u> mail by Plaintiffs, and as such Defendant is not entitled to *Turner*'s deferential, rational-basis analysis.  Instead, Defendant's Postcard-only Mail Policy must be analyzed under *Procunier*'s heightened scrutiny, and should only withstand this Court's constitutional scrutiny if Defendant is able to demonstrate that the Postcard-only Mail Policy (1) furthers an important or substantial governmental interest unrelated to the suppression of expression, and (2) involves a limitation of First Amendment freedoms no greater than necessary or essential to the protection of the particular governmental interest involved.  *Procunier*, 416 U.S. at 413.

As discussed more fully below, however, this constitutional analysis cannot be performed in the absence of evidence establishing Defendant's justification(s) for the policy at issue as well as the impact of the policy on both Plaintiffs and Defendant.  Accordingly, it is impossible for this Court, without <u>any</u> factual development whatsoever, to determine whether Defendant's Postcard-only Mail Policy satisfies the First Amendment, and Defendant's Motion should therefore be denied.

### A. Discovery is necessary to determine whether Defendant's Policy furthers a substantial governmental interest unrelated to the suppression of expression

Under the first prong of *Procunier*'s analysis, a prison regulation which restricts inmate correspondence violates the First Amendment unless the regulation "further[s] an important or substantial governmental interest unrelated to the suppression of expression." *Procunier*, 416 U.S. at 413-14.  Concerned that officials might take advantage of the judicial deference often accorded to prison administrators, the Court has even gone so far as to identify those governmental interests which might justify a prison regulation which restricts fundamental constitutional guarantees.  *Id*. at 412-13 ("The identifiable governmental interests at stake in [the maintenance of penal institutions] are the preservation of internal order and discipline, the maintenance of institutional security against escape or unauthorized entry, and the rehabilitation of the prisoners.");

*Cal. First Amendment Coalition v. Woodford*, 299 F.3d 868, 879 (9th Cir. 2002) ("[A] prison regulation that is not reasonably related to a legitimate penological interest, such as security or rehabilitation, will fail to satisfy even the most deferential analysis.").

In his Motion, Defendant alleges that "concerns related to prison security, deterrence of crime and the proper allocation of limited staff resources" are the governmental interests which justify the restriction of Plaintiffs' First Amendment rights as a result of Defendant's implementation of the Postcard-only Mail Policy. D.E. 12 at 2. As discussed above, such conclusory allegations are simply insufficient at this stage in the proceedings and in the absence of evidence demonstrating that such concerns were actually the impetus for the regulation in question. *Walker*, 917 F.2d at 387. It is only after prison authorities have put forth evidence demonstrating that their alleged penological interests were actually the impetus behind the challenged regulation, and that the challenged regulation in fact furthers a substantial governmental interest unrelated to the suppression of expression, that courts should defer to prison authorities' judgment. *Id*. at 386; *see also Woodford*, 299 F.3d at 882 ("Although prison officials may pass regulations in anticipation of security problems, they must at a minimum supply some evidence that such potential problems are real, not imagined.").

Defendant's alternative justification based on the "proper allocation of limited staff resources" is similarly insufficient at this stage in the proceedings, for several reasons. D.E. 12 at 2. First, Defendant has not established the existence of any policies in effect prior to the Postcard-only Mail Policy which would require jail staff to open and inspect every piece of outgoing mail, and has further failed to produce any evidence or testimony in support of his allegation that the Postcard-only Mail Policy will result in any decreased burden on jail staff or resources. More importantly, this exact rationale has been consistently rejected by the courts as a justifica-

tion for a regulation which implicates First Amendment freedoms. *Morrison v. Hall*, 261 F.3d 896, 902-03 (9th Cir. 2001) (holding that the efficient use of prison staff and resources could not justify an effective ban on subscription publications); *Clement v. Cal. Dept. of Corrections*, 220 F.Supp.2d 1098, 1110 (N.D. Cal. 2002) ("[A]ny negative impact on prison resources created by a supposed increase in prison mail may be outweighed by the penological benefits of inmate correspondence with the outside world.").

Despite the impropriety of these arguments at the motion to dismiss stage, Defendant has cited to two cases in support of his argument that the Postcard-only Mail Policy is justified by a legitimate penological interest in the "proper allocation of limited prison resources." D.E. 12 at 5-6. These cases are easily distinguishable. In *Covell v. Arpaio*, 662 F.Supp.2d 1146 (D. Ariz. 2009), and *Gambuzza v. Parmenter*, 2010 WL 2179029 (M.D. Fla. 2010), jail inmate plaintiffs challenged policies that banned <u>incoming</u> letters and restricted inmates' <u>incoming</u> mail to metered postcards. *Covell*, 662 F.Supp.2d at 1148; *Gambuzza*, 2010 WL 2179029 at *1. While in both cases the court found that the jails' policies did not impermissibly restrict the inmates' First Amendment rights, in both cases the court applied only *Turner*'s more deferential, rational-basis test, as the challenged policies dealt with a restriction on <u>incoming</u> mail only. *Covell*, 662 F.Supp.2d at 1152; *Gambuzza*, 2010 WL 2179029 at *2. In *Gambuzza*, the District Court's ruling remains subject to a pending Motion for Reconsideration and two pending Motions for Recusal which have yet to be adjudicated. More importantly, in *Covell*, the court had the necessary benefit of the presentation of evidence from both parties, as the case was decided on a motion for summary judgment, and only after the defendant sheriff presented evidence of a growing number of incidents regarding the attempted smuggling of contraband into the jail to justify the regula-

tion being challenged, required even under *Turner*'s deferential standard. *Covell*, 662 F.Supp.2d at 1153.

Unlike *Covell* and *Gambuzza*, Plaintiffs here are challenging a regulation which restricts <u>outgoing</u> mail sent by inmates at the Jail to a postcard-only format. D.E. 12 at 2. As such, Defendant's Postcard-only Mail Policy should not be analyzed under the deferential *Turner* standard utilized in *Covell* and *Gambuzza*, and should instead be properly subject to *Procunier*'s heightened scrutiny. *Gambuzza*, 2010 WL 2179029 at *2 (citing *Thornburgh*, 490 U.S. at 413) ("Prison officials have more leeway to regulate incoming than outgoing mail because of the greater security risks inherent in materials coming into a prison. *Turner* is applicable to regulations and policies regarding all <u>incoming</u> mail.") (emphasis added). Additionally, even under *Turner*'s deferential standard, *Covell* still required the defendant sheriff to produce evidence that his alleged penological interest was actually the impetus behind the challenged regulation. *Covell*, 662 F.Supp.2d at 1153. The presentation of any such evidence by either party is impossible here, however, where Defendant has raised such concerns in the context of a motion to dismiss, and before any discovery has been conducted.

>    **B.   Discovery is necessary to determine whether Defendant's Policy involves a limitation of First Amendment freedoms greater than necessary to protect Defendant's stated interests**

Similarly, this Court cannot adequately determine whether Defendant' Postcard-only Mail Policy satisfies *Procunier*'s second prong – whether it involves a limitation of First Amendment freedoms greater than necessary or essential to the protection of the particular governmental interest involved – in the absence of evidence demonstrating that Defendant's policy is narrowly drawn to prohibit only that correspondence which threatens Defendant's stated interests. As *Procunier* explained, "a restriction on inmate correspondence that furthers an important

- 13 -

or substantial interest of penal administration will nevertheless be invalid if its sweep is unnecessarily broad." *Id.*

In *Procunier*, the Court struck down a regulation of the California DOC which provided for the censorship of letters that "unduly complain[ed]," "magnif[ied] grievances," or "expres[sed] inflammatory political, racial, religious or other views or beliefs." *Id.* at 399. Finding that the California DOC had at least articulated a substantial governmental interest – that letters with such content could encourage violence and present a danger to prison security – the Court nonetheless struck down the regulation, holding that even if the rule furthered such an interest, it was not narrowly tailored to prevent only that correspondence that could create a potential threat to prison security. *Id.* at 416 ("The regulation, however, is not narrowly drawn to reach only material that might be thought to encourage violence nor is its application limited to incoming letters. In short the Department's regulations authorized censorship of prisoner mail far broader than any legitimate interest of penal administration demands and were properly found invalid by the District Court.").

Similarly, even if Defendants were able to produce evidence demonstrating that its alleged concerns regarding prison security and the deterrence of crime were the impetus for the policy in question, the Postcard-only Mail Policy is not narrowly drawn to restrict only that correspondence that might be thought to endanger prison security or hinder the deterrence of crime. If Defendant's Postcard-only Mail Policy is allowed to stand, <u>all</u> non-privileged, outgoing letters will be banned and restricted to a postcard-only format, regardless of whether that letter or inmate represented a danger to prison security or the deterrence of crime in any way.

In support of his argument to the contrary, Defendant first attempts to argue that the Postcard-only Mail Policy here at issue is "much different" from regulations in other cases where

outgoing mail has been "censored or interfered with," and suggests that the fact that the Postcard-only Mail Policy does not censor Plaintiffs' mail on the basis of its content somehow eliminates the need for an analysis pursuant to the First Amendment. D.E. 12 at 2 ("Plaintiffs fail to state a cause of action under the First Amendment to the Constitution in that the [Postcard-only Mail Policy] does not censor or suppress Plaintiffs' speech in any manner."); *Id*. at 4.

This argument is entirely without merit, and is in fact directly contradicted by nearly all of the cases cited by Defendant in support of his Motion. *See Covell*, 662 F.Supp.2d at 1152 (finding that jail's content-neutral, postcard-only mail regulation impinged on inmates' First Amendment rights and warranted a constitutional analysis); *Gambuzza*, 2010 WL 2179029 at *2 (finding that jail's content-neutral, postcard-only mail regulation restricted inmates' First Amendment rights); *Ware v. Randolph*, 2008 WL 4390315 (C.D. Ill. 2008) (finding that prison's content-neutral, outgoing mail policy prohibiting drawings or notes on the outside envelope implicated inmates' First Amendment rights); *Avery v. Powell*, 806 F.Supp.7 (D.N.H. 1992) (finding that prison's content-neutral mail policy prohibiting inmates from receiving greeting cards unless sent from an authorized vendor implicated inmates' First Amendment rights). A restriction that limits the form of communication to postcards, though applying equally to all content, still implicates the First Amendment because the availability of alternative means to communicate cannot alone justify the restriction. *See Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1258 (11th Cir. 2005) (ruling a content-neutral time, place, and manner restriction must further a legitimate government interest, even if it "leave[s] open adequate alternative channels of communication"); *see also Procunier*, 416 U.S. at 413 (requiring a speech restriction be narrowly tailored to further an important or substantial government interest without regard to alternative channels of communication).

Unable to find any precedent to support his proposition that the Postcard-only Mail Policy is immune from First Amendment scrutiny due to its content neutrality, Defendant next cites to two cases in support of his argument that even when dealing with a regulation restricting outgoing mail, deference should still be granted to prison officials in making such decisions. D.E. 12 at 6. In *Ware v. Randolph*, the court upheld a regulation of the Illinois Department of Corrections which prohibited drawings or notes on the outside envelope of inmates' mail, while in *Koutnik v. Brown*, 396 F.Supp.2d 978 (W.D. Wis. 2005), the court upheld a prison's application of a mail regulation which prohibited the delivery of any mail that taught or advocated illegal or gang activity to the delivery of a specific letter. *Ware*, 2008 WL 4390315 at *8; *Koutnik*, 396 F.Supp.2d at 986-87.

Again, these cases are easily distinguishable and fail to be analytically useful in deciding Defendant's motion or determining the constitutionality of Defendant's Postcard-only Mail Policy. Most importantly, both *Ware* and *Koutnik* were litigated by *pro se* inmates, and both cases were decided only at the summary judgment stage. *Ware*, 2008 WL 4390315 at *1; *Koutnik*, 396 F.Supp.2d at 980. As a result, and unlike the present case, both parties in these cases had the ability to present evidence and testimony regarding the institutions' alleged justifications for the challenged regulations and both courts had the opportunity to analyze such evidentiary showings in light of the relevant First Amendment standard. *Koutnik*, 396 F.Supp.2d at 980 (court relied on evidence presented by the defendant that gangs at the institution undermined institutional security and provided a support network for inmates who resist prison authority, and that plaintiff's letter contained specific gang-related references and symbols); *Ware*, 2008 WL 4390315 at *7 (court relied on testimony presented by the defendant regarding the history of the challenged regulation and the impact on the internal environment of the prison).

**Conclusion**

While Defendant is correct in stating that a certain amount of deference should be afforded to the determinations of prison administrators in implementing and enforcing prison regulations, courts have made it abundantly clear that the First Amendment analysis to be performed is not toothless, and that courts must not blindly defer to the judgment of prison administrators simply because institutional concerns are at issue. *Thornburgh*, 490 U.S. at 414; *Procunier*, 416 U.S. at 405-06 ("[A] policy of judicial restraint cannot encompass any failure to take cognizance of valid constitutional claims."); *Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir. 1983) ("Although deference to prison administrators is 'wide-ranging,' courts are not required to abdicate their responsibility to redress constitutional violations."). Thus, regardless of the fact that the constitutional concerns at issue arise in the context of a prison setting, where, such as here, "a prison regulation or practice offends a fundamental constitutional guarantee, federal courts [must] discharge their duty to protect … constitutional rights." *Procuner*, 416 U.S. at 405-06; *Bradbury*, 718 F.2d at 1543.

In his Motion, Defendant has proffered several alleged justifications for the Postcard-only Mail Policy. As discussed more fully above, however, an evidentiary review of those justifications and a proper application of the *Procunier* analysis can only be performed once discovery has been conducted and both parties have had the opportunity to present evidence in support of their claims. Therefore, Plaintiffs respectfully request for the reasons set forth above that this Court deny Defendant's Motion to Dismiss (D.E. 12), and order Defendant to file an Answer.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371

Joshua A. Glickman, Esq.
Florida Bar No. 43994
Shawn A. Heller, Esq.
Florida Bar No. 46346

Florida Justice Institute, Inc.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
305-358-2081
305-358-0910 (FAX)
E-mail: RBerg@FloridaJusticeInstitute.org
E-mail: JGlickman@FloridaJusticeInstitute.org
E-mail: SHeller@FloridaJusticeInstitute.org

Benjamin James Stevenson, Esq.
Florida Bar No. 598909

American Civil Liberties Union Found. of Fla.
P.O. Box 12723
Pensacola, Florida 32591-2723
786-363-2738
786-363-1985 (FAX)
E-mail: BStevenson@aclufl.org

Randall C. Marshall, Esq.
Florida Bar No. 181765
Maria Kayanan, Esq.
Florida Bar No. 305601

American Civil Liberties Union Found. of Fla.
4500 Biscayne Blvd., Ste. 340
Miami, Florida 33137
786-363-2707
786-363-1108 (FAX)
E-mail: RMarshall@aclufl.org
E-mail: MKayanan@aclufl.org

Attorneys for the Plaintiffs


By: *s/Joshua A. Glickman*
    Joshua A. Glickman, Esq.
    Florida Bar No. 43994

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 29th day of October, 2010, which will send a notice of electronic filing to all attorneys of record.

*s/Joshua A. Glickman*
Joshua A. Glickman

## SERVICE LIST

**Case No. No. 3:10-cv-355 MCR/EMT**
**United States District Court, Northern District of Florida**

**By CM/ECF:**

Keith C. Tischler, Esq.
Jolly and Peterson, P.A.
2145 Delta Blvd., Suite 200
Tallahassee, FL 32303-4209
850-422-0282
Fax: 850-942-5524
Email: kct@jollylaw.com

Counsel for Defendant