UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Pensacola Division

MARCIE HAMILTON and JAMIE
BROJANAC, all on behalf of
themselves and all others similarly
situated;

       Plaintiffs,

v.

WENDELL HALL, in his official
capacity as Sheriff for Santa Rosa
County, Florida,

       Defendant.

_____ /

No. 3:10-cv-355 MCR/EMT

**Class Action**

## THIRD AMENDED COMPLAINT

Plaintiffs MARCIE HAMILTON and JAMIE BROJANAC, all on behalf of

themselves and all others similarly situated, sue Defendant WENDELL HALL

("Hall") in his official capacity as Sheriff for Santa Rosa County, Florida, and

allege as follows:

### INTRODUCTION

1.    Plaintiffs challenge Sheriff Hall's recently instituted policy and

practice ("Postcard-Only Mail Policy") that forbids inmates of the Santa Rosa

County, Florida, Jail ("Jail") from sending letters enclosed in envelopes to their

parents, children, spouses, friends, other loved ones, or other correspondents.

Instead, Jail inmates must write all of their correspondences in a postcard format except for privileged/legal mail.  This new policy impermissibly restricts inmates' ability to exercise their rights to communicate with correspondents outside the jail and these correspondents' right to receive these inmates' communications and expressions, in violation of the First and Fourteenth Amendments to the United States Constitution.

2.      Plaintiffs ask this Court to enjoin the Postcard-Only Mail Policy and declare that it violates their constitutional rights.

<u>**JURISDICTION AND VENUE**</u>

3.      Plaintiffs bring this action pursuant 42 U.S.C. §1983 for violations of civil rights under the First and Fourteenth Amendments to the United States Constitution.

4.      This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(a)(3) (civil rights).

5.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) and N.D. Fla. Loc. R. 3.1.  Defendant Hall resides in this district and division and the unlawful practices that give rise to the claims herein occurred within this district and division.

## PARTIES

6.     Plaintiff **Marcie Hamilton** ("Hamilton") is a Jail inmate.  She has remained in the Jail as an inmate since March 5, 2010.  As set forth in the "General Allegations" section, she has been, and continues to be, deprived of constitutional rights as a result of the Postcard-Only Mail Policy.

7.     Plaintiff **Jamie Brojanac** ("Brojanac") is a Jail inmate.  She has remained in the Jail as an inmate since December 9, 2010.  As set forth in the "General Allegations" section, she has been, and continues to be, deprived of constitutional rights as a result of the Postcard-Only Mail Policy.

8.     Marcie Hamilton, Jamie Brojanac, and the class of similarly-situated inmates in the Jail shall be referred to collectively as "Jail Inmate Plaintiffs."

9.     Defendant Sheriff **Wendell Hall** is now, and at all material times has been, the Sheriff of Santa Rosa County, Florida. As Santa Rosa County Sheriff, he is charged with the care and custody of inmates at the Santa Rosa County Jail.  He exercises overall responsibility for the policies and practices of the Jail, including the Postcard-Only Mail Policy.  Plaintiffs sue Hall in his official capacity for injunctive and declaratory relief and attorneys fees and costs.

10.     Defendant Hall at all times relevant hereto was acting and continues to act under color of law.

11.     Jail correction officers, deputies, their supervisors, working in the Jail are agents and employees of Sheriff Hall.

## GENERAL ALLEGATIONS

12.     The Santa Rosa County, Florida, Jail ("Jail") is located in Milton, Florida.  It houses both convicted prisoners and pretrial detainees.  It has a rated capacity of approximately 634 inmates.

13.     Effective July 26, 2010, Sheriff Hall instituted a policy that required all outgoing mail, except legal or privileged mail, sent by an Jail inmate to be in a postcard form (hereinafter "Postcard Only Mail Policy").  Only mail to or from the courts, attorneys, government officials or agencies, and news media is considered legal or privileged (hereinafter collectively "privileged").

14.     **Marcie Hamilton** has been, and continues to be, deprived of constitutional rights as a result of the Postcard-Only Mail Policy:

(a)     Prior the implementation of the Postcard-Only Mail Policy, Hamilton regularly wrote numerous letters per week to family members and friends, including her mother, brother, and minor son and daughter.  She frequently

sent country songs, poems, and drawings and other art on full sheets of white paper
to her children.  In separate letters enclosed in envelopes and addressed to her son
or daughter individually, she discussed sensitive issues of sexual development,
sexual orientation, and family planning.  She would share personal information
about her health and finances with her mother.  She received and filled requests
from her children to making drawings of pictures they sent to her.

(b)     However, now Hamilton may no longer send these personal
letters or full-page drawings on white paper.  Though she would like to continue to
discuss sensitive topics with correspondents, she no longer includes this
information in messages because on postcards they may be easily read by a host of
people aside from mail-screening Jail officials, including other household members
to whom the messages are not directed.  She may no longer create and send art on
white paper and as a result the colored paper postcards (usually light blue) distort
the intended coloration of her drawings and art.  Hamilton now sends fewer pieces
of mail and no full-page drawings and the messages in her mail are shorter.  Her
daughter has disappointedly asked why Hamilton no longer sends her country
music songs.

(c)     Hamilton would like to send letters immediately to her family and friends, including her mother, brother (who lives in Tennessee), and minor son and daughter, but cannot under the Postcard-Only Mail Policy.

(d)     Hamilton would like to share personal information, like financial and medical information with her mother and give advice to her son and daughter individually (without other house residents intercepting the messages and reading them), but does not include this information on postcards because the postcards may be easily read by a host of people, including other family members to whom it was not directed.

(e)     Because usually her mother, minor daughter, and minor son all visit her at the same time (when they are able to do so), she cannot have substantive one-to-one communication with any one of them.

(f)     Hamilton must express all of her thoughts and messages in an abbreviated and incomplete form as there is insufficient room on the postcard to fully develop and communicate her thoughts and ideas.

(g)     Since the Postcard-Only Mail Policy was instituted, she has attempted to transmit longer messages over multiple postcards required to complete the message.  In these cases, she would label the sequence in which the recipient should organize the postcards so to coherently read the entire message in

its intended order.  However, at times not all the postcards arrive concurrently; at other times, one or two postcards in the multiple postcard correspondence never arrive at all.

       (h)     Because some of her family (e.g., brother lives in Tennessee) and friends cannot often visit her and the expense of telephone calls, mail correspondence is the best way for her to stay in contact and maintain relationships with her family and friends.

       (i)     Having little or no money in the Jail's inmate account, she is considered indigent and relies on her friends and family and Sheriff Hall for daily necessitates including a supply of writing and mail supplies.  Therefore, often the number of pieces of mail she may send is limited by the Jail's supplied allotment of mail supplies.

15.   **Jamie Brojanac** has been, and continues to be, deprived of constitutional rights as a result of the Postcard-Only Mail Policy:

       (a)     Brojanac wants immediately to send letters to her family and friends, but does not because of the Sheriff's Postcard-Only Mail Policy.

       (b)     Brojanac is often better able to connect with her daughters through drawings.  She wants immediately to send full page drawings to her two

youngest, pre-teen daughters, but does not because of the Sheriff's Postcard-Only Mail Policy.

(c)     Brojanac's mother is legally blind and cannot drive a car and accordingly her mother does not visit Brojanac.  Furthermore, her mother cannot read the small print on postcards, but could read a letter.

(d)     Brojanac's children live with relatives.  Brojanac would like to communicate mother-child messages through letters to her children, who may be embarrassed if a relative read these private messages.  Brojanac would like to communicate with her relatives about her children's welfare without her children knowing the contents of the messages.  However, her children and the relatives with whom they live may intercept a message not intended for them, if it is in postcard format.  Therefore, as a result she does not send these sensitive messages.

(e)     Brojanac would like to share personal sensitive information (health, finances, and intimate emotions) with some of her correspondents, but will not include this information on postcards because they may be easily read by a host of people aside from mail-screening Jail officials.

(f)     Because Brojanac's family and friends cannot often visit her and the expense of telephone calls, mail correspondence is the best way for her to stay in contact with her family.

(g)     Having little or no money in the Jail's inmate account, Brojanac is considered indigent and relies on Brojanac's friends and family and Sheriff Hall for daily necessitates including a supply of writing and mail supplies.  Therefore, often the number of pieces of mail Brojanac may send is limited to the Jail's supplied allotment of mail supplies.

16.     All Jail inmates are in the custody and under the control of Sheriff Hall.  As Jail inmates, the Jail Inmate Plaintiffs remain subject to the policies, practices, and customs of Sheriff Hall.

17.     Before Sheriff Hall instituted the Postcard Only Mail Policy, Jail inmates freely sent mail in a letter form that consisted of one or more sheets of paper enclosed in an envelope to correspondents outside the jail.  Inmates tendered for collection outgoing letters in unsealed, open envelopes to Jail officials (though at times deputies would permit inmates to seal the envelopes themselves).  During the nightshift (7 pm – 7 am) Sheriff's deputies would at times read or scan the non-privileged outgoing mail emanating from the housing unit to which they were assigned that evening.  After reading or scanning the outgoing letter mail, the deputy would seal closed the envelope.  Indigent inmates would receive stationary, sufficient postage, and envelopes to send two letters per week.  For each letter,

indigent inmates would be supplied with two sheets of 8.5 inch by 11 inch paper on which they could write on both sides.

18.     Now, Sheriff Hall and those acting under his authority will not transmit to a correspondent outside the jail non-privileged outgoing mail that does not conform to the Postcard Only Mail Policy.  For example, under the Postcard Only Mail Policy Martin Luther King Jr. could not have sent the letter he sent from the Birmingham Jail on April 16, 1963, to his fellow clergymen.  Likewise, the Apostle Paul under the challenged Postcard Only Mail Policy could not have written his fellow Christians his Epistles while imprisoned by the Romans.

19.     Under the Postcard Only Mail Policy, inmates may obtain postcards from Jail officials.  Jail officials will give indigent inmates two per week.  All postcards received from Jail officials are sized no larger than 4.25 inches by 6 inches and are typically 4.25 inches by 5.5 inches (such that post postcards may be cut from letter-sized (8.5" x 11") card stock).  Alternatively, Jail inmates may receive metered postcards from friends and family.  However, these metered postcards must have been purchased from the United States Postal Service (USPS), which since July 26, 2010, has only sold them in sizes that were no more than 4-1/4 inches high x 6 inches long.  Postcard Only Mail Policy prohibits inmates from

sending any non-legal mail unless it is on a postcard received from Jail officials or one purchased from the USPS.

20.     Sheriff Hall requires that the front of the postcard contain only the addressee's name and address, the sending inmate's name and return address, and postage.  Only the back may contain a substantive message.  However, the inmate must leave an area of 1 inch by 2 inches blank so that Jail officials may stamp the following message (actual size) in the bottom, right corner:

> This correspondence has been mailed
> by an inmate incarcerated in the
> Santa Rosa County Jail
> P. O. Box 7129
> Milton, FL  32572
>
> Scanned by:_____

21.     The Postcard Only Mail Policy shifted the task of reading or scanning outgoing mail from the nightshift deputies to daytime administrative personnel.

22.     This policy is reflected in the written Outgoing Mail Procedure (Standard Operating Procedure No. 15.48), revised on August 14, 2010, previously filed as docket entry 5.1 (DE 5.1).

23.     Although Sheriff Hall restricts incoming mail in other respects, he permits incoming mail to be in letter form and consist of one or more sheets of paper contained inside an envelope.

24.     Jail inmates have few alternatives to mail by which to communicate privately and freely with friends and family.  Telephone calls from Jail inmates in the housing areas are limited to collect telephone calls, which are very expensive. Fellow inmates may easily overhear these telephone calls, which are made in a common area in a row of telephones.  Family and friends may only visit a Jail inmate during a specific two-hour time period during the week, which prevents many friends and family with a conflict during this time period from visiting at all. Friends and family who do not live near the Jail or in another state cannot easily visit Jail inmates.  When family and friends can visit a Jail inmate, they speak over a telephone to each other in ways that may be overheard by other inmates or visitors.  Therefore, for all these reasons, mail correspondence for many Jail inmates and their family and friends is the most feasible, practical, and private way to communicate and maintain a relationship.

25.     The Postcard-Only Mail Policy impermissibly curtails the ability of Jail inmates to express themselves and their correspondents to receive the expressions inmates desire to transmit.  It allows indigent inmates less then one-eighteenth the amount of writing space permitted under the former policy and practice.  Instead of sending one one-ounce letter for 44¢, Jail inmates must use over 18 postcards with postage at 28¢ each and costing a total of $5.04 to transmit the same amount of information.  The Postcard-Only Mail Policy prevents Jail

inmates from fully expressing their thoughts.  Instead, Jail inmates must express these messages in an abbreviated and incomplete form as there is insufficient room on the postcard to fully develop and communicate the inmates' thoughts and ideas. The Postcard-Only Mail Policy prevents family and friends of inmates from receiving these fully developed and complete messages from Jail inmates.

26.     In addition, the postcards expose the content of the inmates' communications to anyone who handles, processes, or views in route the postcards, both within the jail and after the postcards leave the facility.  Prior to the Postcard-Only Mail Policy, Jail inmates including the Jail Inmate Plaintiffs would regularly write letters to family and friends that contained sensitive information, including medical, spiritual, intimate, and financial information.  Because these letters were enclosed in envelopes and only subject to review by a Sheriff deputy, Jail inmates felt confident that this sensitive information would not be exposed for others to see, including postal carriers.  The Postcard-Only Mail Policy has forced Jail inmates to either abandon including sensitive information in their non-privileged correspondence or risk divulging confidential, sensitive information to unknown third-parties who can easily intercept these messages on postcards.  Including sensitive financial information on a postcard increases the chance that the Jail inmate may become a victim of identity thief or fraud.  The Postcard-Only Mail Policy either chills Jail inmates from writing about sensitive matters entirely, or it

requires them to expose their communications to a host of strangers or unintended recipients—such as postal employees, an office secretary, or a child who retrieves from the mailbox a postcard that discusses sensitive details intended only for the parent's eyes.

27.    At times, Jail inmates deliver their mail by placing it on the bars of their cell or on the glass on the door leading from the dorms.  In many circumstances, fellow inmates may view the contents of the postcard placed for delivery in this manner.  At times, an inmate's viewing the contents and messages in other inmate's postcard left for pick-up has cause significant disturbances in the jail.

28.    The Sheriff's Postcard-Only Mail Policy has and continues to inhibit, infringe, limit, chill, suppress, and interfere with the Plaintiffs' constitutionally-protected communications between inmates and correspondents or intended correspondents.

29.    The Plaintiffs have suffered and will continue to suffer an injury as a result of the Postcard-Only Mail Policy.  Sheriff Hall caused and will continue to cause this injury.  The Postcard-Only Mail Policy infringes on the U.S. Constitution's First Amendment free speech rights of Jail inmates Plaintiffs to

communicate in a complete and meaningful way with and to express themselves fully to their family and friends.

30.     Sheriff Hall's Postcard-Only Mail Policy has and will continue to inhibit, infringe, limit, chill, and suppress the constitutionally protected communications from Jail inmates to their correspondents.

31.     Sheriff Hall has acted and threatens to continue acting under color of state law to deprive Plaintiffs of their constitutional rights. Plaintiffs face a real and immediate threat of irreparable injury as a result of these actions and threatened actions of Sheriff Hall and the existence, operation, and threat of enforcement of the Postcard-Only Mail Policy.

32.     Jail Inmate Plaintiffs desire to and would write non-privileged letters to family and friends and include sensitive information and full-page drawings absent the Postcard-Only Mail Policy.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

33.     Each of the Jail Inmate Plaintiffs named herein has filed formal grievances and exhausted all available administrative remedies.

## C<small>LASS</small> A<small>CTION</small> A<small>LLEGATIONS</small>

34.     The individual Jail Inmate Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

35.     The individual Jail Inmate Plaintiffs seek to represent a class defined as "**all current and future inmates incarcerated or detained in the Santa Rosa County, Florida, Jail who are subject to or affected by the Postcard-Only Mail Policy**."

36.     The proposed class is so numerous and so fluid that joinder of all members is impracticable and uneconomical. With over seven thousand persons admitted to the Jail annually and an average Jail inmate population of around five hundred, the approximate size of the class is over five-hundred persons at a time.

37.     There are questions of law and fact common to the members of the Plaintiff Class.  The same policy and practice applies to all class members.  The question common to all members of the Plaintiff Class is what justification Sheriff Hall has for instituting and maintaining his Postcard-Only Mail Policy and whether these reasons justify the specific free-speech restrictions of the Plaintiff Class. These common questions predominate.

38.     The claims of the Jail Inmate Plaintiffs are typical of the claims of the members of the class.  The Jail Inmate Plaintiffs suffer injuries similar in kind and degree as the class.  They raise questions of fact and law common to the class. Their injuries arise from the same conduct as the class injuries.  The Jail Inmate Plaintiffs seek a permanent injunction to end the unlawful policy and practices as the class would desire.

39.     The named Jail Inmate Plaintiffs will fairly and adequately protect the interests of the class.  Jail Inmate Plaintiffs have no interest that is now or may be potentially antagonistic to the interests of the class.  Jail Inmate Plaintiffs understand the duties and responsibilities of serving as class representatives.  Jail Inmate Plaintiffs are represented by attorneys employed by or working in cooperation with the ACLU Foundation of Florida, and the Florida Justice Institute, which have extensive experience in class action cases involving federal civil rights claims for inmates.

40.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

## <u>C</u>OUNT 1:  <u>S</u>UPPRESSION OF <u>P</u>ROTECTED <u>S</u>PEECH

(Jail Inmate Plaintiffs - 42 U.S.C. §1983)

41.     Jail Inmate Plaintiffs reallege and incorporate by reference all of the preceding paragraphs in this complaint.

42.     The Defendant has deprived, and continues to deprive, Jail Inmate Plaintiffs of their rights under the First Amendment to the United States Constitution, which are secured through the Fourteenth Amendment.  The Sheriff's Postcard Only Mail Policy established by Defendant is the cause in fact of the constitutional violations.

43.     Absent intervention by this Court the Jail Inmate Plaintiffs will suffer injury as a result of the Defendant's unconstitutional practices.

44.     Unless restrained by this Court, the Defendant will continue to enforce the Postcard Only Mail Policy.  Jail Inmate Plaintiffs have been and will continue to be irreparably harmed by the Defendant's denial of Plaintiffs' fundamental constitutional right to free speech.

45.     Jail Inmate Plaintiffs have no adequate remedy at law for the denial of their fundamental constitutional rights.

46.     In depriving the Jail Inmate Plaintiffs of these rights, Defendant acted under color of state law.  This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.     An order certifying this matter as a Plaintiff Inmate class action pursuant to Rule 23;

B.     An order declaring Defendant's Postcard-Only Mail Policy alleged above to be in violation of the First and Fourteenth Amendments to the U.S. Constitution;

C.     An order permanently enjoining Defendant and his officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with him, from continuing their unlawful Postcard-Only Mail Policy or any other policy that limits outgoing mail to postcards, thus restoring the status quo that previously existed, including enjoining Defendant from restricting all non-privileged outgoing mail to be in a postcard format;

D.      An order commanding the Defendant to provide notice to all current Jail

inmates and Jail officials implementing the Defendant's policies that the Postcard-

Only Mail Policy is terminated;

E.      An order permanently enjoining Defendant and his officers, agents,

affiliates, subsidiaries, servants, employees, successors, and all other persons or

entities in active concert or privity or participation with him, from taking retaliatory

action against Plaintiffs for bringing this lawsuit;

F.      An award to Plaintiffs of reasonable attorneys' fees and costs incurred

in connection with this action from the Defendants pursuant to 42 U.S.C. §1988;

G.      An order retaining the Court's jurisdiction of this matter to enforce the

terms of the Court's orders; and

H.      Such further and different relief as is just and proper or that is

necessary to make the Plaintiffs whole.

<u>C</u>ERTIFICATE OF <u>S</u>ERVICE

I HEREBY CERTIFY that I electronically filed today the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such

filing to all persons registered for this case, including the Defendant's counsel.

Dated:          February 24, 2011

**Respectfully Submitted,**

s/ Benjamin James Stevenson
**Benjamin James Stevenson** (Fla. Bar. No.
  598909)
American Civil Liberties Union Found. of
  Fla.
Post Office Box 12723
Pensacola, FL 32591-2723
bstevenson@aclufl.org
T. 786.363.2738
F. 786.363.1985


**Randall C. Berg, Jr.** (Fla. Bar No. 318371)
**Joshua A. Glickman** (Fla. Bar No. 43994)
**Shawn A. Heller** (Fla. Bar No. 46346)
Florida Justice Institute, Inc.
100 SE Second St., Ste. 3750
Miami, FL 33131-2115
RBerg@FloridaJusticeInstitute.org
T. 305.358.2081
F. 305.358.0910

**Randall C. Marshall** (Fla. Bar
  No.: 181765)
RMarshall@aclufl.org
**Maria Kayanan** (Fla. Bar No.:
  305601)
MKayanan@aclufl.org
American Civil Liberties Union
  Found. of Fla.
4500 Biscayne Blvd., Ste. 340
Miami, FL 33137
T. 786.363.2707
F. 786.363.1108

*Counsel for Plaintiffs*