# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MARCIE HAMILTON and JAMIE
BROJANAC, all on behalf of
themselves and all others similarly
situated;

    Plaintiffs,

v.                                       Case No.: 3:10cv355/MCR/EMT

WENDELL HALL, in his official
capacity as Sheriff for Santa Rosa
County, Florida,

    Defendant.
_____/

## ORDER

Plaintiff, Marcie Hamilton, who is currently housed in the Santa Rosa County Jail ("Jail"),[1] has filed a Third Amended Complaint on behalf of herself and all others similarly situated against Wendell Hall, the Sheriff of Santa Rosa County, Florida ("Sheriff") (doc. 43), challenging a recently implemented policy requiring all outgoing mail, except legal and other privileged correspondence, to be in postcard form.[2] Pending before the court is Plaintiffs' Motion & Memorandum of Law for Class Certification (doc. 7), in which the plaintiff requests

---

[1] Although Jamie Brojanac's name appears in the caption, she has voluntarily dismissed her claims (*see* doc. 50).

[2] The policy has been in effect since August 14, 2010. According to the plaintiff, only mail to or from courts, attorneys, government agencies and officials, and news media is considered legal or privileged. The plaintiff further alleges that inmates may obtain postcards from Jail officials, but that indigent inmates are allotted only two postcards per week, which are 4.5 by 6 inches in size. The front of the postcard may contain only postage and the name and address of the inmate and recipient. Inmates may write substantive messages on the back of the postcard, but they must leave a blank area measuring 1 inch by 2 inches so that Jail officials may stamp a message indicating the source of the correspondence. Inmates also are prohibited from drawing or otherwise unnecessarily marking on non-privileged mail.

Case No: 3:10cv355/MCR/EMT

that the court certify a class of "all current and future detainees in the Santa Rosa County, Florida, Jail who are subject to or affected by the Postcard-Only Mail Policy." The Sheriff has responded in opposition to the motion. Having considered the motion and the response, the court finds that the plaintiff's motion should be granted and that the proposed class action should be certified.

**STANDARD OF REVIEW**

The decision to grant or deny class certification lies within the sound discretion of the district court. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004); *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1363 (11th Cir. 1984). A trial court should not determine the merits of the claims at the class certification stage but may consider the merits "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Heffner v. Blue Cross and Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (internal quotation marks and citation omitted). The district court "must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts." *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *General Teleph. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *see also In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233 (11th Cir. 2006) (noting that "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at *any* time prior to a decision on the merits") (internal quotation marks omitted) (emphasis in original). "[P]articularly during the period before any notice is sent to members of the class, [a class certification order] is inherently tentative." *Falcon*, 457 U.S. at 160.

**DISCUSSION**

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil

Procedure 23(a),[3] as well as at least one of the requirements set forth in Rule 23(b)."[4]  *Klay*, 382 F.3d at 1250.  The Sheriff does not dispute that the named plaintiff has standing or that

---

[3] According to Rule 23(a),

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

[4] Rule 23(b) sets forth the following three requirements:

> 1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
> (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b).

the requirements of Rule 23(a) and Rule 23(b) have been satisfied in this case.[5] Rather, the Sheriff argues that class certification is unnecessary in this case and will constitute a waste of his resources, as well as those of the court, because the plaintiff has requested declaratory and injunctive relief that, if granted, will benefit all members of the proposed class regardless of whether a class action is certified. While the court recognizes that a class action may not be necessary where the relief requested otherwise can be obtained, this case does not present such a circumstance. Indeed, considering the transitory nature of incarceration in a county jail, the claims of the named plaintiff could become moot at any time upon her release, as demonstrated by the fact that a number of individuals originally named as plaintiffs in this action have already dismissed their claims because of their release. Thus, in the event the relief requested is warranted, there is no guarantee that any of the proposed class members will receive such relief in the absence of a class action. The court therefore finds that the proposed class action should be certified. *See Johnson v. City of Opelousas*, 658 F.2d 1065, 1070 (5th Cir. 1981) (noting that "[c]ertification of a class under Rule 23(b)(2) is especially appropriate where, as here, the claims of the members of the class may become moot as the case progresses" and certifying class action because "risk of mootness [was] great" and "the issue raised [was] important not only [to the named plaintiff], but [also to] other similarly situated") (internal quotation marks and citations omitted).

**CONCLUSION**

For the reasons discussed above, the court finds that the plaintiff has met her burden under Fed. R. Civ. P. 23(a) and (b)(2) and that the motion for class certification should therefore be granted at this time. As the court noted above, however, this determination may be revisited should subsequent developments in the case so require. It is therefore ORDERED as follows:

---

[5] The Sheriff explicitly acknowledges that the requirements of Rule 23(a) have been satisfied but does not address Rule 23(b). For the reasons set forth in the plaintiff's motion and the sheriff's response, however, the court finds that the plaintiff has standing to assert the claims in her complaint, *see Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000), and also has satisfied the requirements of Rule 23(a) and Rule 23(b)(2).

Case No: 3:10cv355/MCR/EMT

Page 5 of 5

1. Plaintiff's motion for class certification (doc. 7) is GRANTED.

2. In accordance with the requirements set forth in Fed. R. Civ. P. 23(c)(1)(B), the court certifies a class defined as follows: All current and future detainees in the Santa Rosa County, Florida, Jail who are subject to or affected by the Postcard-Only Mail Policy.

3. Also in accordance with Fed. R. Civ. P. 23(c)(1)(B), the court defines the following class issue: Whether the Postcard-Only Mail Policy in effect at the Santa Rosa County, Florida, Jail violates the plaintiff's and proposed class members' rights under the First and Fourteenth Amendments to the United States Constitution.

4. The named plaintiff, Marcie Hamilton, shall act as the representative party. Fed. R. Civ. P. 23(a)(4).

5. Attorneys from the ACLU Foundation of Florida and the Florida Institute of Justice shall serve as class counsel. Fed. R. Civ. P. 23(g).

6. Within thirty (30) days of the date of this order, the plaintiff shall submit to the court for approval a proposed notice to the class members in accordance with Fed. R. Civ. P. 23(c)(2)(B). Prior to filing this proposed notice, plaintiff shall confer with defendant in an effort to agree on the language of the class notice.

DONE and ORDERED this 26th day of May, 2011.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**