IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCIE HAMILTON and JAMIE
BROJANAC, all on behalf of
themselves and all others similarly
situated;

    Plaintiffs,

v.                                         Case No.: 3:10cv355/MCR/EMT

WENDELL HALL, in his official
capacity as Sheriff for Santa Rosa
County, Florida,

    Defendant.
_____/

## ORDER

The Plaintiff, Marcie Hamilton, who is currently housed in the Santa Rosa County Jail ("Jail"),[1] filed a complaint on behalf of herself and all others similarly situated against Wendell Hall, the Sheriff of Santa Rosa County, Florida ("Sheriff") (doc. 43), challenging a recently implemented policy requiring all outgoing mail, except legal and other privileged correspondence, to be in postcard form.[2]  On May 26, 2011, the court certified a class

---

[1] Although Jamie Brojanac's name appears in the caption, she has voluntarily dismissed her claims (see doc. 50).

[2] The policy has been in effect since August 14, 2010.  According to the plaintiff, only mail to or from courts, attorneys, government agencies and officials, and news media is considered legal or privileged.  The plaintiff further alleges that indigent inmates are allotted only two postcards per week, which are 4.5 by 6 inches in size.  Alternatively, inmates may receive metered postcards from friends and family; however these metered postcards must have been purchased from the United States Postal Service which, since July 2010, has only sold them in sizes that were no more than 4.25 by 6 inches.  The front of the postcard may contain only postage and the name and address of the inmate and recipient.  Inmates may write substantive messages on the back of the postcard, but they must leave a blank area measuring 1 inch by 2 inches for jail

Case No: 3:10cv355/MCR/EMT

action. Pending before the court is Defendant's Motion to Dismiss (doc. 12), to which the Sheriff has responded in opposition (doc. 21). Having considered the motion and the response, the court finds that the Sheriff's motion should be denied.

**STANDARD OF REVIEW**

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal of the complaint for failure to state a claim on which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief;" detailed allegations are not required. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The motion is properly denied if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. However, the court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* When deciding a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto" and incorporated into the complaint by reference. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006) (internal marks omitted).

---

officials to stamp a message reflecting the source of the correspondence. Inmates also are prohibited from drawing or otherwise unnecessarily marking on non-privileged mail.

**DISCUSSION**

      In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983.  Here, the plaintiff alleges that the postcard-only policy, which the Sheriff indisputably implemented while acting under color of law, constitutes a deprivation of her First Amendment rights because it inhibits her ability to communicate with those outside the jail.  Federal courts have recognized that courts "are ill equipped to deal with the increasingly urgent problem of prison administration and reform" and thus traditionally have been deferential to the professional judgment of prison administrators.  *Procunier v. Martinez*, 416 U.S. 396, 404-05 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989).  However, "judicial restraint cannot encompass any failure to take cognizance of valid constitutional claims."  *Id* at 405.  While "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal marks omitted), "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution," *Turner v. Safley*, 482 U.S. 78, 84 (1987).  It has long been noted that "censorship of prisoner mail, whether incoming or outgoing, impinges on the interest in communication of both the inmate and the nonprisoner correspondent."  *Saxbe v. Washington Post Co.*, 417 U.S. 843, 865 (1974).  Although that impact must ultimately be weighed against the interests of effective prison administration, *see Martinez*, 416 U.S. at 413, the court need not – and, indeed, cannot in this case – make that determination on a motion to dismiss.  Because the plaintiff has alleged that the postcard-only policy inhibits her ability to communicate with those outside jail, the court finds she has stated a claim under 42 U.S.C. § 1983 and the Sheriff's motion to dismiss should be denied.

Accordingly, it is hereby ORDERED that the Defendant's Motion to Dismiss (doc. 12) is DENIED.

**DONE and ORDERED** on this 10th day of June, 2011.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**