UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCIE HAMILTON et al.,

    Plaintiffs,

v.                                 No. 3:10-cv-355 MCR/EMT

WENDELL HALL,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND CONSENT DECREE

    Plaintiff, Marcie Hamilton, individually and on behalf of the Settlement Class defined herein (hereinafter "Plaintiffs"), and Defendant, Wendell Hall, in his official capacity as Sheriff for Santa Rosa County, Florida (hereinafter "Defendant Sheriff" and collectively referred to as the "Parties"), hereby agree to and submit the following Settlement Agreement and Consent Decree (hereinafter "Consent Decree") for adoption and entry by the Court.

### I.    RECITALS

    A.     WHEREAS Plaintiffs filed this action on September 13, 2010, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, and seeking to enjoin the Defendant Sheriff from forbidding inmates housed in the Santa Rosa County Jail (hereinafter the "Jail"), in violation of the First and Fourteenth Amendments to the U.S. Constitution, from sending letters enclosed in envelopes to their parents, children, spouses, friends, loved ones, or other correspondents (hereinafter the "Postcard-Only Mail Policy"), as described in Santa Rosa County Outgoing Mail Procedure, Standard Operating Procedure No. 15.48; and

B.   WHEREAS the United States District Court for the Northern District of Florida has subject matter jurisdiction over this dispute; see 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights); and

C.   WHEREAS the Parties, in an effort to avoid the burden, costs and inherent risks of further litigation, agree that it is in the best interests of the Parties; and

D.   WHEREAS the Parties have engaged in extensive discovery in the above-captioned matter, including the exchange of documents, preparation and responses to requests for production of documents, requests for admissions, interrogatories, and depositions; and

E.   WHEREAS this action has been certified by the Court, pursuant to Rule 23, Federal Rules of Civil Procedure, as a class action on behalf of all current and future detainees in the Jail who are subject to or affected by the Postcard-Only Mail Policy; and

F.   WHEREAS by agreeing to this Settlement Agreement and Consent Decree (hereinafter "Consent Decree"), the Defendant Sheriff does not admit to liability; and

G.   WHEREAS the signatories to this Consent Decree represent that they are authorized to enter into this Consent Decree, and promise to carry out the various promises and representations made herein; and

H.   WHEREAS this Consent Decree includes a general release and, upon execution by the Defendant Sheriff of the promises and representations made herein and the Court's entry of this Consent Decree, the Defendant Sheriff will be released from all claims and liability as stated in this Consent Decree; and

I.   WHEREAS the Parties agree that the relief provided herein is narrowly drawn relief that extends no further than necessary to correct the alleged violation of Plaintiffs'

constitutional rights, and is the least intrusive means necessary to correct the alleged violation of Plaintiffs' constitutional rights, pursuant to 18 U.S.C. § 3626(a)(1)(A); and

J.   WHEREAS the Parties agree that the terms and conditions of this Consent Decree constitute a fair, reasonable, and adequate resolution for the Plaintiffs, pursuant to Rule 23(e)(2), Federal Rules of Civil Procedure.

NOW, THEREFORE, it is mutually agreed between the Parties, subject to the Court's entry of this Consent Decree, as follows:

## II.   DEFINITIONS

1.   The following terms as used in this Consent Decree have the meanings set forth below in this Paragraph. In construing these definitions, the singular shall include the plural and the plural shall include the singular:

(a)   **"Envelope Correspondence"** means correspondence enclosed in an envelope. Such correspondence includes, but is not limited to, letters, paperwork, newspaper clippings, photographs, drawings, or a combination of one or more of these items.

(b)   **"Postcard"** means a piece of light-colored card stock of dimensions consistent with the postcards sold by the United States Postal Service.

(c)   **"Privileged"** describes a piece of correspondence that is sent to or from a court, attorney, governmental official or agency, or news media.

(d)   **"Non-Privileged"** describes all other correspondence that is not otherwise Privileged.

(e) **"Indigent Inmate"** refers to a Jail inmate who, for the last seven (7) consecutive days, has had no more than one dollar ($1.00) in his or her inmate account that may be used for the purchase of commissary items.

(f) **"Writing Materials"** means a writing instrument (e.g., pen or pencil) approved by the Jail, and:

    (1) For every piece of Envelope Correspondence, also one (1) No. 10 sized envelope of any color, two (2) pieces of light-colored paper measuring at least 7.25" wide by at least 10.5" tall, and postage sufficient for mailing a one ounce Envelope Correspondence via First Class U.S. Mail (The Defendant Sheriff will provide prepaid postage to the inmates or affix the postage to the correspondence after receiving it from the inmate for mailing); or

    (2) For every Postcard, also one (1) Postcard, and postage sufficient for mailing a Postcard via First Class U.S. Mail (The Defendant Sheriff will provide prepaid postage to the inmates or affix the postage to the correspondence after receiving it from the inmate for mailing).

(g) An inmate is **"Booked and Processed"** at the earlier of (i) the court's failure to order the inmate's release at the inmate's first appearance hearing or (ii) the expiration of twenty (24) hours after the inmate's initial custody at the Jail.

(h) **"Jail"** refers to the Santa Rosa County, Florida, Jail.

### III.   SETTLEMENT CLASS

2. The Settlement Class, as used herein, will hereby be defined as all current and future inmates incarcerated or detained at the Jail.

### IV.   TERMS AND EFFECT OF CONSENT DECREE

3. **Full Resolution.** This Consent Decree resolves in full all claims against the Defendant Sheriff by all Plaintiffs, including named Plaintiff Marcie Hamilton, except the issue of Plaintiffs' attorneys' fees and costs as set forth below, involving alleged violations of their First and Fourteenth Amendment rights, or of any other federal, state or local law, regulation, duty, or obligation which are based upon or could be based upon or arise from the facts alleged in Case No. 3:10-cv-3550-MCR-EMT, filed in the United States District Court, Northern Division of Florida, Pensacola Division.

4. **Release.** Upon execution by the Defendant Sheriff of the promises and representations made herein and the Court's entry of this Consent Decree, the Plaintiffs agree that the Defendant Sheriff is released from any and all liability, claim, action or demand of whatever kind or sort which any of them might have against the Defendant Sheriff, except the issue of Plaintiffs' attorneys' fees and costs as set forth below, and that they release Defendant Sheriff from any and all grievances, suits, causes of action, and claims of any nature whatsoever, whether known or unknown, including but not limited to all claims asserted in this action together with any and all charges, complaints and claims, which are based on actions, facts or occurrences prior to the execution of this Consent Decree.

5. **Merger.** This Consent Decree contains all the terms and conditions agreed upon by the Parties hereto regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution

of this Consent Decree shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, except as expressly provided herein.

6. **Liability.** Nothing contained in this Consent Decree, nor any order entered by the Court adopting this Consent Decree, is or shall be construed as an admission by the Defendant Sheriff of the truth of any allegations or the validity of any claim asserted in the Complaint, or of the Defendant Sheriff's liability therefor, nor as a concession or an admission of any fault or omission, of any act or failure to act, or of any statement, written document, or report heretofore, filed or made by the Defendant Sheriff. Nor shall this Consent Decree nor any confidential papers related hereto and created for settlement purposes only, nor any of the terms of either, be offered or received as evidence in any civil, criminal or administrative action or proceeding against the Defendant Sheriff, nor shall they be construed by anyone for any purpose whatsoever as an admission or presumption of any wrongdoing on the part of the Defendant Sheriff, nor as an admission of the Defendant Sheriff that the modifications or concessions given hereunder represents the relief that could be recovered at trial. However, nothing herein shall be construed to preclude the use of this Consent Decree in order to effectuate the consummation, enforcement, or modification of its terms.

7. **Assignment.** This Consent Decree shall apply to all persons who are members of the Settlement Class. This Consent Decree creates no rights in favor of any other person and creates no obligations or duties on the part of the Defendant Sheriff beyond the terms of this Consent Decree. This Consent Decree shall bind all parties to this action as well as the successors in office to the Defendant Sheriff, and to any other person or entity who in the future operates the Jail. Defendant Sheriff agrees to use his best efforts to make the requirements of this Consent Decree known to each of his employees, deputies, and agents who are responsible

for operation of the Jail. Should the Defendant Sheriff hereinafter enter into a contract for the operation of the Jail by another entity, whether public or private, the Defendant Sheriff shall insure that the terms of this Consent Decree are incorporated into such contract, and the Defendant Sheriff shall be required to insure that the entity operating the Jail complies with the terms of this Consent Decree. Nothing set forth in this particular Paragraph shall bar or limit the Court's power to enforce the terms of this Consent Decree, or the right of the Defendant Sheriff or any successor Sheriff or any other person or entity who in the future operates the Jail to petition the Court for modification of this Consent Decree.

8. **Enforcement.** Except as otherwise provided in this Consent Decree, if class counsel believes that there has been a failure to comply with the terms of this Consent Decree, before moving the Court to redress the non-compliance class counsel must notify the Defendant Sheriff and his counsel in writing of the alleged non-compliance and include in the notice sufficient specificity so that the Defendant Sheriff can identify the nature of the allegation, including describing with particularity the term(s) of the Consent Decree that are alleged to have been violated, the specific errors or omissions upon which the alleged violation is based, and the corrective action sought. Upon class counsel's request, the Defendant Sheriff shall provide additional, relevant information pertinent to the alleged violation. The Parties then have twenty-eight (28) days from the date of written notification to meet and confer to attempt to resolve the issue or issues. If the Parties are unable to resolve the dispute within twenty-eight (28) days, class counsel may file a motion or notice with the Court seeking appropriate relief. Class counsel may file such a motion without substituting new named representative plaintiffs, if the named plaintiffs at the time of the entry of this Consent Decree are no longer members of the class at the time of the filing of such a motion.

9. **Court Approval.** The Parties agree that they will take all necessary and appropriate steps to obtain preliminary approval from the Court of this Consent Decree, final approval and entry by the Court of this Consent Decree, and dismissal of the action with prejudice, subject to the Court's jurisdiction to enforce this Consent Decree and adjudicate any dispute over Plaintiffs' attorney fees, costs, and litigation expenses.

10. **Effective Date.** This Consent Decree shall be effective immediately upon the Court's entry of this Consent Decree.

11. **Settlement Contingent on Court Adoption.** The Parties agree that this Consent Decree is subject to and conditioned upon the Court's entry of this Consent Decree. In the event that the Court declines to approve or enter this Consent Decree, the Parties agree that this Consent Decree shall be null and void and without prejudice to the Parties' rights.

12. **Waiver of Appeal.** Upon the Court's entry of this Consent Decree, the Parties waive their rights to appeal any existing order, decision or ruling in this action. The Parties further waive their rights to appeal the Court's entry of this Consent Decree.

13. **Default.** Subject to the foregoing terms, and following the Court's entry of this Consent Decree, no default by any person or party to this Consent Decree in the performance of any of the covenants or obligations under this Consent Decree, or any judgment or order entered in conjunction therewith, shall affect the dismissal of the Complaint, the preclusion of prosecution of actions, the discharge and release of the Defendant Sheriff, or the judgment entered approving these provisions. Nothing in the preceding sentence shall be construed to affect the Court's jurisdiction to enforce this Consent Decree on a Motion for Contempt or any other motion seeking appropriate relief.

14. **Captions.** The captions of this Consent Decree are for convenience of reference only and in no way define, limit, or describe the scope or intent of this Consent Decree.

15. **Recitals:** The parties agree that recitals set forth above are true and that they constitute a part of this Settlement.

## V.   INMATE MAIL PROVISIONS

16. The Defendant Sheriff's specific obligations regarding Jail policies and practices pursuant to this Consent Decree are as follows:

   (a) **Inmates May Send Letters.** The Defendant Sheriff will not prohibit or restrict Jail inmates from mailing Non-Privileged Envelope Correspondence to correspondents outside the Jail, except as set forth in paragraph 16(g), below.

   (b) **Provision of Writing Materials upon Intake.** The Defendant Sheriff will provide each inmate at the time the inmate is Booked and Processed with sufficient Writing Materials so that the inmate may send two (2) pieces of Envelope Correspondence at no cost to the inmate.

   (c) **Provision of Writing Materials to Indigent Inmates.** The Defendant Sheriff will provide each Indigent Inmate with sufficient Writing Materials so that the inmate may send per week one (1) piece of Envelope Correspondence and two (2) Postcards, at no expense to the inmate. The indigent status of an inmate will be based upon the status of the inmate's account for the seven (7) day period prior to the issuance of indigent packages. If an inmate is determined to be indigent, the Defendant Sheriff will provide the Indigent Inmate with an indigent package that includes the Writing Materials at the time of the next issuance of the packages, not to exceed two weeks.

(d) **Provision of Legal Writing Materials to Indigent Inmates.** The Defendant Sheriff will provide each Indigent Inmate, upon request, with sufficient Writing Materials so that the Indigent Inmate may send per week two (2) pieces of Privileged Envelope Correspondence, at no expense to the inmate. Absent an act of nature or a declared state of emergency, the Defendant Sheriff must provide such Writing Materials at the next indigent package distribution, not to exceed two (2) weeks from the Indigent Inmate's request for such Writing Materials. The Writing Materials provided to the Indigent Inmate may be pre-stamped as "privileged mail" and restricted to that purpose. If an inmate specially requests Writing Materials to send urgent Privileged Envelope Correspondence before the next regular indigent package distribution, the Defendant Sheriff will respond to the special request within three (3) days.

(e) **Sale of Writing Materials.** The Defendant Sheriff will offer for sale to each Jail inmate, on a basis of not less than once per week, the following:

   (1) an unlimited number of Postcards;

   (2) at least eight (8) No. 10 sized envelopes of any color;

   (3) at least one (1) notepad of light-colored paper measuring at least 7.25" wide by at least 10.5" tall;

   (4) an unlimited number of postage stamps for Postcards and Envelope Correspondence; and

   (5) an unlimited number of No. 10 sized envelopes, which may be pre-stamped as "privileged mail" and restricted to that purpose.

(f) **Price of Writing Materials.** Writing Materials sold to Jail inmates by the Defendant Sheriff, his agents or contractors, will not be priced any greater than the price regularly charged by the U.S. Postal Service for such items.

(g) **No Content or Volume Restrictions.** The Defendant Sheriff will not censor or restrict the number of Postcards or Envelope Correspondence a Jail inmate can send or receive, or the length, language, content, recipient or source of such Postcards or Envelope Correspondence, except where the restriction is necessary or essential to preserve internal order and discipline, maintain institutional security against escape or unauthorized entry, or rehabilitate the sentenced inmates or prevent the sending of (i) threats of physical harm against persons or threats of criminal activity, (ii) threats of blackmail or extortion, (iii) plans for escape, (iv) codes, (v) plans for activities in violation of facility rules, or (vi) information, which if communicated, would create a clear and present danger of violence and physical harm to a human being.

(h) **Third-Party Provisions.** The Defendant Sheriff will not prohibit or restrict the number of blank Postcards or envelopes a Jail inmate can receive from outside correspondents, so long as such envelopes and postcards (i) bear no postage, or (ii) have First Class postage printed and permanently affixed by a postal meter or the U.S. Postal Service. Notwithstanding the foregoing, the Defendant Sheriff may limit the number of such blank envelopes a Jail inmate may receive from outside correspondents to a maximum of two (2) envelopes per incoming correspondence. Furthermore, the Defendant Sheriff may prohibit Jail inmates from possessing more than ten (10) such envelopes at any one time. The

    Defendant Sheriff may treat as contraband any such envelopes over these limits, but will transmit to the inmate the remaining non-contraband items (letters, drawings) in the incoming correspondence.

 (i) **Third-Party Inmate Provisions.** The Defendant Sheriff will not prohibit or restrict the number of envelopes, postcards and Writing Materials a Jail inmate can exchange, give, or receive from other Jail inmates, so long as such envelopes, postcards and Writing Materials contain no message or markings written by another Jail inmate, or except where the restriction is necessary or essential to prevent the sending or receipt of (i) threats of physical harm against persons or threats of criminal activity, (ii) threats of blackmail or extortion, (iii) plans for escape, (iv) codes, (v) plans for activities in violation of facility rules, (vi) information, which if communicated, would create a clear and present danger of violence and physical harm to a human being, or (vii) where the envelopes, postcards or writing materials are used for purposes of gambling or bartering.

17. Within fifteen (15) days from the Court's entry of this Consent Decree, the Defendant Sheriff shall revise all written policies, procedures, orders, regulations and rules to conform to the above specific injunctive relief, including, but not limited to, Santa Rosa County Outgoing Mail Procedure for Security Staff – Standard Operating Procedure No. 15.48, Santa Rosa County Inmate Mail Procedure – General Order No. O-071, and the Inmate Handbook, and shall provide a copy of all such revised policies, procedures, orders, regulations and rules to class counsel.

## VI. NOTICE

18. Pursuant to Rule 23(e), Federal Rules of Civil Procedure, the Defendant Sheriff, within seven (7) days of the Court's preliminary approval of the Notice of Proposed Settlement (hereinafter "Notice") attached to this Consent Decree as Exhibit A, shall provide the Notice to those members of the Plaintiff Class presently confined at the Jail, by posting a copy of the attached Notice in each dorm until December 31, 2011 in a place plainly readable and accessible to inmates generally, and providing a copy of the attached Notice individually to any inmate who is not housed in a common dormitory setting. The attached Notice shall be posted and distributed in English and Spanish. The cost of providing such notice and distributing copies of this Consent Decree shall be borne by the Defendant Sheriff in his official capacity.

19. Class members shall have until December 31, 2011, to file with the Clerk of the Court any written objections to this proposed Consent Decree, with a copy to class counsel. The Defendant Sheriff shall provide free paper, envelopes and postage to any indigent inmate who wishes to file objections to this Consent Decree. Such communications with the Court shall be considered privileged legal mail by the Defendant Sheriff, his agents and employees.

### VII.   COSTS, EXPENSES AND ATTORNEYS' FEES

20. **Prevailing Party.** Defendant Sheriff agrees that Plaintiffs are the prevailing parties in this action and, as such, are entitled under 42 U.S.C. § 1988 to reasonable attorneys' fees, costs and expenses. The Defendant Sheriff is liable for and will pay Plaintiffs such reasonable attorneys' fees, costs, and expenses. However, the Defendant Sheriff reserves the right to challenge any and all aspects other than liability of Plaintiffs' application for fees, costs and expenses. The Parties will endeavor in good faith to resolve the current ancillary dispute over the amount of reasonable attorneys' fees, costs and expenses before the Court's final approval and entry of the Consent Decree. However, if the Parties are unable to resolve this

ancillary dispute before the Court's final approval and entry of the Consent Decree, the Plaintiffs will waive any claim and entitlement to reasonable attorneys' fees, costs and expenses incurred in resolving this ancillary dispute after the Court's final approval and entry of the Consent Decree.

21. **Taxable Costs.** Plaintiffs' counsel shall file a Bill of Costs and other appropriate papers as required by Rule 54.2, Local Rules of the Northern District of Florida, within ten (10) days of the Court's entry of this Consent Decree.

22. **Attorneys' Fees and Litigation Expenses.** Plaintiffs' counsel shall submit appropriate papers regarding Plaintiffs' attorneys' fees and related nontaxable litigation expenses to the Defendant Sheriff's counsel within twenty-eight (28) days of the Court's entry of this Consent Decree. Counsel for the Parties shall thereafter have twenty-eight (28) days to meet and confer in an attempt to settle all attorneys' fees and related nontaxable expenses. If the matter is not settled within the twenty-eight (28) day time frame, Plaintiffs' counsel shall submit appropriate papers to the Court as an application for their reasonable attorneys' fees and related nontaxable expenses, pursuant to Local Rule 54.1(E), Local Rules of the Northern District of Florida.

23. **Enlargement of Time.** The aforementioned time frames for attempting to settle Plaintiffs' attorneys' fees, costs and expenses may be extended by the filing with the Court of a Joint Stipulation of Enlargement.

### VIII. CONSENT AND EXECUTION BY PARTIES AND COUNSEL

WHEREFORE the Parties and their counsel do hereby agree to the terms and conditions of the Consent Decree as set forth above, subject to the Court's entry of this Consent Decree below.

*[signature]*
Marcie Hamilton
Class Representative

Date: 12-19-11

*[signature]*
Benjamin James Stevenson (Fla. Bar. No. 598909)
ACLU Found. of Fla.
Post Office Box 12723
Pensacola, FL 32591-2723
bstevenson@aclufl.org
T. 786.363.2738
F. 786.363.1985

Date: Feb 7, 2012

Randall C. Berg, Jr, (Fla. Bar No. 318371)
Joshua A. Glickman (Fla. Bar No. 43994)
Shawn A. Heller (Fla. Bar No. 46346)
Florida Justice Institute, Inc.
100 SE Second St., Ste. 3750
Miami, FL 33131-2115
RBerg@FloridaJusticeInstitute.org
T. 305.358.2081
F. 305.358.0910

Randall C. Marshall (Fla. Bar No.: 181765)
RMarshall@aclufl.org
Maria Kayanan (Fla. Bar No.: 305601)
MKayanan@aclufl.org
American Civil Liberties Union Found. of Fla.
4500 Biscayne Blvd., Ste. 340
Miami, FL 33137
T. 786.363.2707

*[signature]*
Wendell Hall
Sheriff of Santa Rosa County
5755 East Milton Road
Milton, FL 32583

Date: 1/12/12

*[signature]*
Keith C. Tischler
Jolly and Peterson, P.A.
2145 Delta Blvd., Ste. 200
Tallahassee, FL 32303-4209
(850)422-0282
(850)942-5524 (facsimile)
kct@jollylaw.com

Date: 3 January 2012

*Counsel for Defendant Sheriff*

F. 786.363.1108

*Counsel for Plaintiffs*

### IX.   APPROVAL AND EXECUTION BY THE COURT

This matter came before the Court for a Fairness Hearing on <u>February</u>, <u>9</u>, 2012. Having conducted such a hearing, and upon the foregoing approvals by the Parties and their counsel, the Court being fully advised in the premises, it is hereby

ORDERED AND ADJUDGED AS FOLLOWS:

1.  The Settlement Class is hereby defined as all current and future detainees of the Santa Rosa County, Florida, Jail.

2.  The foregoing Settlement Agreement and Consent Decree was entered into in good faith, provides a fair, reasonable, and adequate resolution of the Plaintiffs' claims, and is in the best interest of the Settlement Class.

3.  The foregoing Settlement Agreement and Consent Decree constitutes narrowly drawn relief that extends no further than necessary to correct the alleged violation of Plaintiffs' constitutional rights, and is the least intrusive means necessary to correct the alleged violation of Plaintiffs' constitutional rights, pursuant to 18 U.S.C. § 3626(a)(1)(A);

4.  The terms and conditions of this Settlement Agreement and Consent Decree are hereby approved and entered as a judicially enforceable Consent Decree;

5.  This Court reserves jurisdiction over the Parties in this action, including the Defendant Sheriff, all successors in office to the Defendant Sheriff, and all Settlement Class members, to enforce this Consent Decree in accordance with the terms for the mutual benefit of all the parties.

6.   Subject to this Court's jurisdiction over the Parties in this action to enforce this Consent Decree, it is further ordered, adjudged and decreed that the Complaint in this action be dismissed with prejudice.

Done and Ordered in Pensacola, Florida, this 13th day of February, 2012.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**